U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 APR 18 PM 3 00

CLERK
BY [signature]
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT**

Shelly Smith and Donna McCann, on behalf of themselves and all others similarly situated,
Plaintiffs,
v.

MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., INFINEON TECHNOLOGIES AG, INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, HYNIX SEMICONDUCTOR, INC., HYNIX SEMICONDUCTOR AMERICA, INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG SEMICONDUCTOR, INC., MOSEL VITELIC CORPORATION USA, NANYA TECHNOLOGY CORPORATION USA, ELPIDA MEMORY (USA) INC., WINBOND ELECTRONICS CORPORATION, and NEC ELECTRONICS AMERICA INC.
Defendants.

Civil Action No. 2:05-cv-99

**NOTICE OF REMOVAL**

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., Infineon Technologies AG, Infineon Technologies North America Corporation, Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Samsung Electronics Co. Ltd., Samsung Semiconductor, Inc., Mosel Vitelic Corporation,[1] Nanya Technology Corporation USA, Elpida

[1] The caption and allegations of the Complaint erroneously refer to "Mosel Vitelic Corporation USA." There is no such entity. Mosel Vitelic Corporation is the domestic Mosel Company.

Memory (USA) Inc., Winbond Electronics Corporation America[2], and NEC Electronics America Inc., ("Defendants")[3] give notice that they are removing this case to the United States District Court for the District of Vermont on the grounds set forth below.

1. On February 17, 2005, Plaintiffs Shelly Smith and Donna McCann ("Plaintiffs"), on their own behalf and on behalf of all others similarly situated, filed a Class Action Complaint and Jury Demand in the State of Vermont Orange County Superior Court. A copy of the Complaint is attached as Exhibit A.

2. This case is one of at least several similar class action cases filed in various New England states by the law firm of Shaheen & Gordon, P.A., and is subject to an agreement for certain filing deadlines. A copy of that agreement is attached as Exhibit B.

3. None of the Defendants have been served with the Complaint, but on March 21, 2005, the Defendants agreed to waive service in return for the extension of the time to answer, move or otherwise respond to Plaintiffs' Complaint until June 2, 2005. (Exhibit B.)

4. This Notice is timely filed under 28 U.S.C. § 1446(b).

5. This is a civil action between citizens of different states and in which citizens or subjects of a foreign state are additional parties. This action also involves an amount in controversy in excess of $75,000, exclusive of interest and costs, and therefore is within this Court's original jurisdiction pursuant to 28 U.S.C. § 1332.

---

[2] The caption refers to Winbond Electronics Corporation, but the Complaint names Winbond Electronics Corporation America as a defendant.

[3] By filing this Notice of Removal, the Defendants do not intend to waive any rights or defenses, and expressly preserve all rights and defenses, including lack of personal jurisdiction. In particular, the Defendants deny that personal jurisdiction can be exercised over them in the State of Vermont, and/or that personal jurisdiction has been duly obtained over them. However, each joins in this Notice of Removal so that these and any other issues may be properly adjudicated in Federal Court.

**Diversity Jurisdiction**

6. This action is between citizens of different states and in which citizens or subjects of a foreign state are additional parties. As Plaintiffs allege in Paragraphs 8 and 9 of the Complaint, Plaintiffs Shelly Smith and Donna McCann are both residents of the State of Vermont.

7. Defendant Micron Technology, Inc. is incorporated in the State of Delaware and its principal place of business is in the State of Idaho. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Micron Technology, Inc. was a citizen of Delaware and Idaho. *See* 28 U.S.C. § 1332(c)(1).

8. Defendant Micron Semiconductor Products, Inc., a wholly-owned and controlled subsidiary of Micron Technology, Inc., is incorporated in, and has its principal place of business in the State of Idaho. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Micron Semiconductor Products, Inc. was a citizen of Idaho. *See* 28 U.S.C. § 1332(c)(1).

9. Defendant Hynix Semiconductor America, Inc. is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Hynix Semiconductor America, Inc. was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

10. Defendant Infineon Technologies North America Corporation is incorporated in the State of Delaware and its principal place of business is in the State of California. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Infineon Technologies North America Corporation was a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

11.     Defendant Samsung Semiconductor, Inc. is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Samsung Semiconductor, Inc. was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

12.     Defendant Mosel Vitelic Corporation is incorporated in and has its principal business in the State of California. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Mosel Vitelic Corporation was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

13.     Defendant Nanya Technology Corporation USA is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Nanya Technology Corporation USA was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

14.     Defendant Elpida Memory (USA) Inc. is incorporated in the State of Delaware and has its principal place of business in the State of California. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Elpida Memory (USA) Inc. was a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

15.     Defendant NEC Electronics America, Inc. is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant NEC Electronics America, Inc. was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

16.     Defendant Winbond Electronics Corporation America is incorporated in the State of Delaware and has its principal place of business in the State of California. Accordingly, at the

time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Winbond Electronics Corporation America was a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

17. "A 'corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State.'" *JPMorgan Chase Bank v. Traffic Steam (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002) (quoting *Steamship Co. v. Tugman*, 106 U.S. 118, 121 (1882)).

18. Defendant Infineon Technologies AG has its principal place of business in the Federal Republic of Germany, and it is also incorporated there.

19. Defendant Hynix Semiconductor, Inc. has its principal place of business in the Republic of Korea, and it is also incorporated there.

20. Defendant Samsung Electronics Co., Ltd. maintains its principal place of business in the Republic of Korea, and it is also incorporated there.

**Amount in Controversy**

21. Defendants need only establish that "it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (citations omitted). This requirement is satisfied here. Based on the allegations contained in Plaintiffs' Complaint, it is a "reasonable probability" that the amount in controversy in this action exceeds the sum or value of $75,000.

22. In 1990, Congress enacted 28 U.S.C. § 1367, the Judicial Improvements Act, a statute clarifying the supplemental jurisdiction of federal courts over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Congress provided that district courts shall not have supplemental jurisdiction over claims against persons made parties under certain rules. 28 U.S.C. § 1367(b). Class actions are not among the listed exceptions. See *id.*

23. The majority of the United States Circuit Courts of Appeals have concluded that a district court entertaining a diversity class action may exercise supplemental jurisdiction over class members whose claims do not meet the jurisdictional minimal amount-in-controversy requirement, concluding that 28 U.S.C. § 1367 had overruled *Zahn.*[4] *Olden v. Lafarge Corp.*, 383 F.3d 495, 506-07 (6th Cir. 2004); *Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1256 (11th Cir. 2003), *cert. granted* 125 S.Ct. 317 (Oct 12, 2004); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 934 (9th Cir. 2001); *Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 117 (4th Cir. 2001); *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997); *In re Abbott Laboratories, Inc.*, 51 F.3d 524, 529 (5th Cir. 1995).[5]

24. The Eighth and Tenth Circuits have concluded that *Zahn* remains viable notwithstanding the enactment of § 1367, and therefore, require that each putative class member satisfy the jurisdictional amount-in-controversy requirement under 28 U.S.C. § 1332. *Trimble v. Asarco, Inc.*, 232 F.3d 946, 962 (8th Cir. 2000); *Leonhardt v. Western Sugar Co*., 160 F.3d 631, 640-41 (10th Cir. 1998).

---

[4] In 1973, the United States Supreme Court concluded that "[e]ach plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, and any plaintiff who does not must be dismissed from the case." *Zahn v. Int'l Paper Co.,* 414 U.S. 291, 301 (1973).

[5] The Supreme Court recently granted certiorari in a pair of cases to review whether § 1367 overruled the *Zahn* rule. *Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248 (11th Cir. 2003), *cert. granted*, *Exxon Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 317 (U.S. Oct 12, 2004) (NO. 04-70); *Rosario Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124 (1st Cir.(Puerto Rico) Jun 02, 2004), *cert. granted*, *del Rosario Ortega v. Star-Kist Foods, Inc.*, 125 S.Ct. 314 (U.S. Oct 12, 2004) (NO. 04-79).

25. Neither the Second Circuit, nor the United States District Court for the District of Vermont have spoken as to the continuing viability of *Zahn* after the enactment of 28 U.S.C. § 1367. *Mehlenbacher*, 216 F.3d at 297.[6]

26. Defendants urge this court to adopt the position of the majority of circuit courts and conclude that where the claim of at least one class member satisfies the requisite jurisdictional amount, the district court is permitted to exercise supplemental jurisdiction over the claims of the remaining class members. As the Sixth Circuit Court of Appeals most recently noted, "the majority of courts have been reaching this same conclusion [that *Zahn* has been overruled] for almost ten years now and Congress has yet to alter or amend § 1367 to correct them." *Olden*, 383 F.3d at 502.

27. One or more class members within the putative class identified by Plaintiffs meets the amount-in-controversy requirement.

28. The class includes entities and businesses that have indirectly purchased large amounts of products containing DRAM during the putative class period. Plaintiffs define the class as "[a]ll consumers . . . in the State of Vermont, who indirectly purchased products containing DRAM manufactured or sold by any of the Defendants, or any subsidiary or affiliate thereof, or any co-conspirators, at any time during the period from July 1, 1999 and continuing through at least June 15, 2002." Complaint at ¶ 44.

29. According to Plaintiffs, DRAM is a very common kind of random access memory chip contained in products found in virtually every home in the United States, including products

[6] Several district courts within the Second Circuit have held that *Zahn* remains viable. *See e.g., Mehlenbacher v. Akzo Nobel Salt, Inc.*, 207 F. Supp. 2d 71, 82 (W.D.N.Y. 2002); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740, 755 (E.D.N.Y. 2001).

such as computers, printers, digital cameras, digital music players, and wireless telephones. Complaint at ¶¶ 2, 56.

30. Plaintiffs allege that the Defendants either manufacture, sell or distribute DRAM throughout the United States. *See* Complaint ¶¶ 10-40, 52.

31. Plaintiffs claim that worldwide annual sales of DRAM total approximately $20 billion. Complaint at ¶ 55.

32. Some class members' individual purchases of DRAM-containing products therefore will total hundreds of millions of dollars. For example, according to its Annual Report, Best Buy, Inc., a citizen of Minnesota and an entity present in Vermont, sold in excess of $6 billion in DRAM products as recently as 2002.

33. Based on Plaintiffs' allegations and this public filing, the amount in controversy associated with purchases by putative class members such as Best Buy will each substantially exceed $75,000.

34. Accordingly, the amount in controversy in this action for purposes of 28 U.S.C. §§ 1332(a) and 1441(a) exceeds $75,000, exclusive of costs and interest.

35. Plaintiffs, on their own behalf and on behalf of others similarly situated have brought this action pursuant to the Vermont Consumer Fraud Act ("VCFA"), 9 V.S.A. § 2451 et seq., to recover damages, including treble damages, costs of suit and reasonable attorneys' fees.

36. The Second Circuit has recognized that attorneys' fees may be used in determining the jurisdictional amount in controversy where they are "'recoverable as a matter of right' pursuant to statute or contract." *Post v. General Motors Corp.*, No. 01 CIV.94 TPG, 2002 WL 1203847, at *3 (S.D.N.Y. June 3, 2002) (quoting *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614

(2d Cir. 1972), *vacated on other grounds*, 409 U.S. 56 (1972)); accord *Window Headquarters, Inc. v. MAI Basic Four, Inc.*, 1994 WL 673519 at *11 (S.D.N.Y. 1994); *San Juan Hotel Corp. v. Greenberg*, 502 F. Supp. 34, 35 (E.D.N.Y, 1980).

37. The VCFA mandates that where a plaintiff has made a showing that the VCFA has been violated, the court will award reasonable attorney's fees. *L'Esperance v. Benware*, 2003 VT 43, ¶21, 175 Vt. 292, 300-01, 830 A.2d 675, 682-83 (2003). Where the court finds a violation of the Act, "it is not within the court's discretion to determine whether to award such fees." *Id.* Rather, the award is mandatory and the court's sole role is to determine what fees are reasonable. *Id.* Once a violation of the Consumer Fraud Law has been established, the award of attorney's fee is a statutory element of damages not within the discretion of the court. *Bruntaeger v. Zeller*, 147 Vt. 247, 254, 515 A.2d 123 (1986); *Gramatan Home Investors Corp. v. Starling*, 143 Vt. 527, 535-36, 470 A.2d 1157, 1162 (1983).

38. There is a reasonable probability that the attorneys' fees, which are mandated to be awarded to Plaintiffs if the VCFA violations are substantiated, will exceed $75,000.

39. While Plaintiffs claim that the damages they have suffered are less, and will remain less, than $75,000, even when trebled, and that attorneys' fees will not exceed $75,000 on a pro rata basis, *see* Complaint at ¶ 5, this self-serving attempt to defeat removal is unavailing.

40. Accordingly, the amount in controversy in this action for purposes of 28 U.S.C. §§ 1332(a) and 1441(a) exceeds $75,000, exclusive of costs and interest.

41. For the above reasons, this action may be removed by Defendants pursuant to 28 U.S.C. § 1441.

42. There are currently at least 60 cases pending in State and Federal Courts arising out of the same facts and circumstances that are alleged by the Plaintiffs in this case. On October 16, 2002, the Judicial Panel on Multidistrict Litigation ("JPML") ordered transfer to the Northern District of California for consolidated pretrial proceedings. Defendants will notify the JPML promptly of the removal of this case to Federal Court.

WHEREFORE, Defendants assert that the action pending against them in the State of Vermont Orange County Superior Court may properly be removed from that court to the United States District Court for the District of Vermont.

DATED: April 18, 2005.

Respectfully submitted,

R. Jeffrey Behm
Debra L. Bouffard
Sheehey Furlong & Behm P.C.
30 Main St., P.O. Box 66
Burlington, VT 05402
(802) 864-9891

*Attorneys for Micron Technology, Inc., Micron Semiconductor Products, Inc., Infineon Technologies AG, Infineon Technologies North America Corporation, Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Samsung Electronics Co. Ltd., Samsung Semiconductor, Inc., Mosel Vitelic Corporation, Nanya Technology Corporation USA, Elpida Memory (USA) Inc., Winbond Electronics Corporation America, and NEC Electronics America, Inc.*

F:\WPDOCS\H\HynixSemiconductor\DRAM-Smith\Pleadings\Smith Notice of Removal.doc

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT.**

Shelly Smith and Donna McCann, on behalf of themselves and all others similarly situated,
Plaintiffs,
v.

MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., INFINEON TECHNOLOGIES AG, INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, HYNIX SEMICONDUCTOR, INC., HYNIX SEMICONDUCTOR AMERICA, INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG SEMICONDUCTOR, INC., MOSEL VITELIC CORPORATION USA, NANYA TECHNOLOGY CORPORATION USA, ELPIDA MEMORY (USA) INC., WINBOND ELECTRONICS CORPORATION, and NEC ELECTRONICS AMERICA INC.
Defendants.

Civil Action No. 2:05-cv-99

CERTIFICATE OF SERVICE

I, Debra L. Bouffard, counsel for Defendants, do hereby certify that on April 18, 2005, I caused a copy of Notice of Removal to be delivered via U.S. Mail postage prepaid addressed as follows:

D. Michael Noonan, Esq.
Shaheen & Gordon, P.A.
P.O. Box 977
140 Washington Street
Dover, NH 03821

Dated at Burlington, Vermont this 18th day of April, 2005.

SHEEHEY FURLONG & BEHM P.C.

*Attorneys for Defendants*

By: ______________________________

R. Jeffrey Behm
Debra L. Bouffard
Sheehey Furlong & Behm P.C.
30 Main Street
P.O. Box 66
Burlington, VT 05402
(802) 864-9891

F:\WPDOCS\H\HynixSemiconductor\DRAM-Smith\Pleadings\CertServ02.doc